UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Docket No.
CHRISTINA CORTESE,
                                                                               **COMPLAINT**

                  Plaintiff,

           -against-

                                                                  **Plaintiff Demands**
                                                                     **A Trial by Jury**

TIMES SQUARE BARBEQUE, INC.,
d/b/a VIRGIL'S REAL BARBECUE,
ALICART, INC.,
THE ALICART GROUP, LLC,
and DOMINIC L. HIGH, individually,

                  Defendants.
------------------------------------------------------------X

Plaintiff CHRISTINA CORTESE, by and through her attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff CHRISTINA CORTESE (herein referred to as "Plaintiff" or "CORTESE"), complains pursuant to Title VII of the Civil Rights Act of 1964, the laws of the State of New York and the Administrative Code of the City of New York, seeking damages to redress the injuries Plaintiff has suffered as a result of being sexually harassed, discriminated and retaliated against, by her employer on the basis of her gender.

## JURISDICTION

2. This Court has jurisdiction in this matter in that this case involves a federal question, Title VII of the Civil Rights Act of 1964.

3. Venue is proper in that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of New York.

## PARTIES

4. Plaintiff CORTESE is a citizen of the State of New York, County of New York.

5. At all times material, Defendant TIMES SQUARE BARBEQUE, INC., d/b/a VIRGIL'S REAL BARBECUE, is a Domestic Business Corporation duly existing by the virtue and laws of the State of New York.

6. At all times material, Defendant ALICART, INC. is a Domestic Business Corporation duly existing by the virtue and laws of the State of New York.

7. At all times material, Defendant ALICART GROUP, LLC, is a Domestic Limited Liability Company duly existing by the virtue and laws of the State of New York.

8. At all times material, the above corporate entities (hereinafter collectively referred to as "Defendants") own and operate a restaurant commonly known as VIRGIL'S REAL BARBECUE at 152 West 44th Street, New York, New York 10036.

9. At all times material, DOMINIC L. HIGH (hereinafter referred to individually as "Defendant" or "HIGH" or "Defendants' employee HIGH") was and is a citizen of the State of New York.

10. At all times material, Defendant HIGH was an employee for the above mentioned corporate Defendants.

11. At all times material, Defendants employed Plaintiff CORTESE.

12. At all times material, Defendants were joint employers of Plaintiff CORTESE.

## STATEMENT OF FACTS

13. In or around September of 2015, Defendants hired Plaintiff as a server.

14. In or around September of 2015, Defendants' employee HIGH began making inappropriate sexual comments and unwanted advances towards Plaintiff CORTESE. For example, Defendants' employee HIGH would repeatedly demand Plaintiff and other female co-workers kiss him.

15. In or around late 2015 through early 2016, Defendants' employee HIGH would constantly stare at Plaintiff's breasts and buttocks.

16. Plaintiff CORTESE became increasingly offended, intimidated and stressed by Defendants' employee HIGH'S discriminatory behavior.

17. In or around February of 2016, Defendants' employee HIGH sneaked behind Plaintiff CORTESE and rubbed his erect penis against Plaintiff's buttocks. Defendants' employee HIGH'S sexual assault was unwanted and made Plaintiff feel extremely uncomfortable.

18. The very same day, Plaintiff reported HIGH'S unlawful touching to Defendants' Supervisors "STEVE" and ADAM DUKES. Collectively, Defendants' Supervisors STEVE and DUKES took no reasonable or immediate steps to help end Defendant HIGH'S sexual assaults.

19. Throughout 2016, Defendants' employees would ask Plaintiff "Why don't you want to fuck [Defendant HIGH]?"

20. Throughout 2016, Defendants' employee HIGH showed naked pictures of women to Plaintiff CORTESE and other co-workers.

21. After Plaintiff complained, Plaintiff was immediately retaliated against and subjected to even worse work-place-harassment.

22. Defendants' employee HIGH'S continued advances toward Plaintiff CORTESE became more aggressive, sexually explicit and physical. Defendants took no action to protect Plaintiff, even when notified of the harassment.

23. In or around early March of 2016, Defendants' employee HIGH came up from behind Plaintiff CORTESE while she was bending down. Defendants' employee HIGH took his hands, placed them on Plaintiff's waist, and thrust his pelvis forcefully into her buttocks with an erect penis, simulating sexual intercourse with Plaintiff. Plaintiff stood speechless in shock and fear. Ten minutes later, Defendants' employee HIGH asked Plaintiff CORTESE "Did I get you pregnant yet?" Plaintiff then told Defendant HIGH that he was sexually harassing her. In response, Defendant HIGH told Plaintiff to "shut the fuck up."

24. Plaintiff immediately went to the Defendants' Manager on Duty and reported Defendant HIGH'S disgusting act. In an act of retaliation, Defendants' Management took no reasonable or immediate steps to help combat the hostile work environment.

25. On or about March 21, 2016, Plaintiff CORTESE could no longer endure the severe harassment and reoccurring sexual assaults. Defendants, due to their inadequate response to Plaintiff's repeated complaints, constructively terminated Plaintiff.

26. Defendants' knew of the on-going hostile work environment but chose to do nothing and allow Plaintiff CORTESE to suffer.

27. As a result of Defendants' actions, Plaintiff CORTESE felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

28. As a result of the Defendants' discriminatory and intolerable treatment of Plaintiff, she has suffered severe emotional distress and physical ailments.

29. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered

future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

30. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction limits of all lower Courts.

31. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, the Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION
## UNDER TITLE VII
## (Not Against Individual Defendants)

32. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

33. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex.

34. The statute provides in relevant part: "It shall be unlawful employment practice for an employer (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or

tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

35. The non-individual Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her sex.

### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION
### UNDER TITLE VII
### (Not Against Individual Defendants)

36. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

37. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

38. The non-individual Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e, *et. seq.,* by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment becauase of her opposition to the unlawful employment practices of Defendants.

## AS A THIRD CAUSE OF ACTION UNDER STATE LAW
### DISCRIMINATION

39. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

40. New York State Executive Law § 296 provides that: "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

41. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her sex, along with sexual harassment.

## AS A FOURTH CAUSE OF ACTION UNDER STATE LAW
### AIDING & ABETTING

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

43. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

44. Defendants violated the section cited herein as set forth.

## AS A FIFTH CAUSE OF
## ACTION UNDER STATE LAW
## RETALIATION

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

46. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

47. Defendants violated the section cited herein as set forth.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

48. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

49. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

50. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her gender, along with sexual harassment.

## AS A SEVENTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>RETALIATION</u>

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if set forth herein more fully at length.

52. The New York City Administrative Code Title 8, § 8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

53. Defendants violated the section cited herein as set forth.

## AS A EIGHTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>INTERFERENCE WITH PROTECTED RIGHTS</u>

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. New York City Administrative Code Title 8-107(19) provides that: "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

56. Defendants violated the section cited herein as set forth.

## AS A NINTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## SUPERVISOR LIABILITY

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. New York City Administrative Code Title 8-107(13)(b) provides that: "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where...(ii) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

59. Defendants violated the section cited herein as set forth.

## AS AN TENTH CAUSE OF ACTION FOR
## ASSAULT AND BATTERY
## (Not Against Corporate Defendants)

60. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as set forth at length herein.

61. Under New York law, assault is the (i) intentional placing (ii) of another person (iii) in reasonable apprehension (iv) of imminent harmful or offensive contact. *See United Nat. Ins. Co. v. Waterfront N.Y. Realty Corp.*, 994 F.2d 105, 108 (2d. Cir. 1993).

62. Under New York law, as a result of the assault, a defendant commits battery when (i) there was bodily contact, (ii) the contact was offensive and (iii) the defendant intended to make the contact. *Id.*

63. On multiple occasions, Defendant HIGH placed Plaintiff in reasonable apprehension of immediate harm and/or offensive contact. Defendant HIGH put his penis on Plaintiff or otherwise offensively touched Plaintiff on a multitude of occasions. Each time Defendant HIGH would threaten to or would offensively touch Plaintiff, Plaintiff made it unambiguously clear the contact was unwanted.

## AS AN ELEVENTH CAUSE OF ACTION FOR
## FOR GENDER MOTIVATED VIOLENCE
### (Not Against Corporate Defendants)

64. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as set forth at length herein.

65. N.Y. ADC. LAW § 8-903 states in relevant part "For purposes of this chapter: a. "Crime of violence" means an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction. b. "Crime of violence motivated by gender" means a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender.

66. N.Y. ADC. LAW § 8-904 : NY Code – Section 8-904: Civil Cause of Action states in relevant part "Except as otherwise provided by law, any person claiming to be injured by an individual who commits a crime of violence motivated by

gender as defined in section 8-903 of this chapter, shall have a cause of action against such individual in any court of competent jurisdiction for any or all of the following relief: 1. compensatory and punitive damages; 2. injunctive and declaratory relief; 3. attorneys' fees and costs; 4. such other relief as a court may deem appropriate."

67. N.Y. ADC. LAW § 8-905 Limitations states in relevant part: "a. A civil action under this chapter must be commenced within seven years after the alleged crime of violence motivated by gender as defined in section 8-903 of this chapter occurred. . . . c. Nothing in this section requires a prior criminal complaint, prosecution or conviction to establish the elements of a cause of action under this chapter.

68. Defendant HIGH'S conduct constitutes crimes of "violence motivated by gender" under The Victims of Gender-Motivated Violence Protection Act ("VGMVPA").

## AS A TWELFTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS
## (Not Against Corporate Defendants)

69. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as set forth at length herein.

70. The elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (*Klein v. Metropolitan Child Servs., Inc.*, 100 A.D.3d 708, 710, 954 N.Y.S.2d 559; see *Marmelstein v. Kehillat New Hempstead: Rav Aron Jofen Community Synagogue*, 11 N.Y.3d 15, 22–23, 862 N.Y.S.2d 311, 892

N.E.2d 375; *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 612 N.E.2d 699; *Taggart v. Costabile*, 131 A.D.3d 243, 249–250, 14 N.Y.S.3d 388).

71. On multiple occasions, Defendant HIGH'S conduct toward Plaintiff was extreme, outrageous, severe, pervasive, and predatory. Defendant HIGH'S conduct was done with the intent to cause, and in-fact did cause, severe emotion distress to Plaintiff.

## JURY DEMAND

72. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants, jointly and severally in an amount to be determined at the time of trial for all available relief and damages including but not limited to emotional distress, physical injury, lost wages, past and future, front pay, back pay, punitive damages, attorney's fees, liquidated damages, statutory damages, and costs and interest,

Dated: New York, New York
January 3, 2017

DEREK SMITH LAW GROUP, PLLC
Attorneys for Plaintiff

By: _____

PAUL LIGGIERI, Esq
30 Broad Street, 35th Floor
New York, New York 10004
(212) 587-0760